YETTER v. KING CONFECTIONERY COMPANY,
PROSECUTOR.

| 66 | 491. |
|----|------|
| 68 | 731 |

Submitted March 10, 1901—Decided June 10, 1901.

If a landlord, after the expiration of a term of years, consents to the
continued occupation of the premises, a tenancy from year to year
arises. Such consent may be inferred from the words or conduct
of the parties. If, upon an action for rent before the District
Court, such consent be inferred from testimony capable of support-
ing such an inference, a return to that effect establishes the ten-
ancy in this court and a judgment for the rent due under it will
not be disturbed.

On *certiorari* to District Court.

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Israel B. Grant* and *Linton Satterthwait.*

For the prosecutor, *Gouverneur V. Packer* and *W. Holt
Apgar.*

The opinion of the court was delivered by

GARRISON, J. This was an action for rent brought in the
District Court. The question in the case was whether the
holding over of the prosecutor after a term of years created
a tenancy from year to year. It did create such a tenancy if
the landlord consented to the continued occupancy of his
property. *Decker* v. *Adams,* 7 *Halst.* 99; *Stanley* v. *Horner,*
4 *Zab.* 511; *Condon* v. *Barr,* 18 *Vroom* 113; *Poole* v. *Engelke,*
32 *Id.* 124.

Whether the landlord had thus consented was a question
of fact that might be proved directly or by legitimate infer-
ences from the words or conduct of the parties. *Moore* v.
*Moore,* 12 *Vroom* 515.

The return to this *certiorari* shows that the District Court,
before whom the cause was tried without a jury, found "that

the prosecutor was a holdover tenant." This finding necessarily implies that the consent of the landlord to the continued occupation of the premises had been established to the satisfaction of the court. If there was testimony before the District Court capable of supporting such an inference, the return to this writ establishes the tenancy in this court and the judgment of the court below for the amount of rent due will not be disturbed. There was such testimony before the District Court. The judgment for the plaintiff is therefore affirmed, with costs.